**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

JOHN R. PENN

      Plaintiff,

v.                                **CASE NO.: 13-CV-874**

DIVERSIFIED CONSULTANTS, INC.,

      Defendant.

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides within the Judicial District.

6. Defendant transacts business within this Judicial District.

7. The Defendant regularly collects debts by telephone and the mails within this Judicial District.

## PARTIES

8. Plaintiff John R. Penn is a natural person.

9. Plaintiff resides in the City of Kansas City, County of Jackson, State of Missouri.

10. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), because the debt Defendant is collecting from him is a personal account for an AT&T telephone bill.

11. The Plaintiff is an "any person" as that term is used within 15 U.S.C. § 1692 et seq. because he is a natural person.

12. Defendant, Diversified Consultants, Inc. is a foreign corporation, operating from an address of P.O. Box 551268, Jacksonville, Florida 32255-1268.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), because the Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

14. The principal business of the Defendant is the collection of debts using the mails and telephone.

15. The Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

16. Sometime prior to the filing of the instant action, the Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account. (hereinafter the "Account").

17. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. The Account went into default with the original creditor.

19. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

20. The Plaintiff disputes the Account.

21. The Plaintiff requests that the Defendant cease all further communication on the Account.

22. The Plaintiff is represented by the undersigned attorney with respect to the subject debt.

23. The Plaintiff requests that the Defendant validate the debt pursuant to 15 U.S.C. § 1692g.

24. In the year prior to the filing of the instant action, including but not limited to July of 2013, the Defendant, acting through its representatives, employees and/or agents, made telephone calls to the Plaintiff at his business telephone #. This number will be provided to Defendant or counsel upon request in lieu of listing it here, to protect Plaintiff's privacy.

25. Upon information and belief, Defendant kept and possesses recordings of the content of telephone calls between Plaintiff and Defendant's representatives.

26. Upon information and belief, Defendant kept and possesses written documentation and/or computer records of telephone calls between Plaintiff and Defendant's representatives.

27. The purpose of these telephone calls was to attempt to collect the Account.

28. The telephone calls conveyed information regarding the Account directly or indirectly to the Plaintiff.

29. The telephone calls each individually constituted a "communication" as defined by FDCPA § 1692a(2).

30. The only reason that the Defendant and/or representatives, employees and/or agents of the Defendant made telephone calls to the Plaintiff was to attempt to collect the Account.

31. During the telephone calls representatives, employees and/or agents of the Defendant harassed, oppressed and abused Plaintiff in continuing to call him after he advised they were calling a business telephone and requesting that the inconvenient calls cease, in violation of 15 U.S.C. § 1692d and c(1).

32. During the telephone calls representatives, employees and/or agents of the Defendant falsely stated that "the call was a courtesy call before final recommendation in violation of 15 U.S.C. § 1692e.

33. "The Act [FDCPA] is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

34. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." <u>Doshay v. Global Credit and Collection Corporation</u>, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

35. The FDCPA is a remedial statute; it should be construed liberally in favor of the consumer. <u>Johnson v. Riddle</u>, 305 F.3d 1107, 1117 (10th Cir. 2002).

36. The FDCPA allows the consumer to orally dispute a debt. <u>Camacho v. Bridgeport Financial Inc.</u>, 430 F.3d 1078, 1081 (9th Cir. 2005) and <u>Brady v. The Credit Recovery Company, Inc.</u>, 160 F.3d 64, 67 (1st Cir.1998).

37. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. <u>Sambor v. Omnia Credit Servs.</u>, 183 F.Supp. 2d 1234, 1240 (D. Haw. 2002).

38. A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all. <u>Mendez v. M.R.S. Assoc.</u>, 2004 WL 1745779, page 2 (N.D.Ill. August 3, 2004).

39. As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered damages, including emotional distress.

## **JURY TRIAL DEMAND**

The Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Missouri as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 USC § 1692k(a)(1).

2. Statutory damages under 15 USC § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4. A finding that Defendant violated the FDCPA.

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ J. Mark Meinhardt
J. Mark Meinhardt #53501
9400 Reeds Road Ste 210
Overland Park, KS 66207
meinhardtlaw@gmail.com
913-827-1950

ATTORNEY FOR PLAINTIFF