IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

JOHN R. PENN, )
 )
       Plaintiff, )
 )
v. ) Case No. 4:13-cv-00874-ODS
 )
DIVERSIFIED CONSULTANTS, INC., )
 )
       Defendant. )

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Diversified Consultants, Inc. ("Diversified" or "Defendant"), for its Answer to Plaintiff's Complaint, states as follows:

## JURISDICTION

1. Paragraph 1 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Diversified denies the same.

2. Responding to the allegations in paragraph 2, Diversified expressly denies that it has committed any violation of the Fair Debt Collection Practices Act ("FDCPA"). Diversified is without knowledge or sufficient information to admit or deny whether Plaintiff's purported action "arises out of" the FDCPA.

## VENUE

3. Paragraph 3 contains legal conclusions not requiring a response by Defendant; to the extent a response is required, Defendant denies the same.

4. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 4, and therefore denies the same.

5. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 5, and therefore denies the same.

6. Defendant admits that it seeks to collect delinquent accounts from responsible parties within this Judicial District and denies the remaining allegations of paragraph 6.

7. Defendant admits that it seeks to collect delinquent accounts by telephone and the mails from responsible parties within this Judicial District and denies the remaining allegations of paragraph 7.

## PARTIES

8. Upon information and belief, Defendant admits the allegations in paragraph 8.

9. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 9, and therefore, denies the same.

10. Paragraph 10 contains legal conclusions not requiring a response by Defendant; to the extent a response is required, Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 10, and therefore, denies the same.

11. Paragraph 11 contains legal conclusions not requiring a response by Defendant. To the extent a response is required, Defendant denies the same.

12. Responding to paragraph 12, Defendant admits it is a foreign corporation with its principal place of business in Jacksonville, Florida.

13. Paragraph 13 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

14. Defendant admits the allegations in paragraph 14.

15. Responding to paragraph 15, Defendant states that it does not know the purpose of the transactions that result in debts it attempts to collect. Defendant admits the remaining allegations in paragraph 15.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

16. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 16, and therefore, denies the same.

17. Paragraph 17 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 17, and therefore, denies the same.

18. Defendant admits the allegations in paragraph 18.

19. Defendant admits the allegations in paragraph 19.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegation in paragraph 20 and, accordingly, denies same.

21. Paragraph 21 contains a demand for relief not requiring a response by Defendant. This request is immaterial and impertinent as set forth in Federal Rule of Civil Procedure 12(f) and should be stricken from the pleading and/or be deemed to have no legal force and effect. To the extent a response is required, Defendant denies the same.

22. Based solely upon review of the Complaint, Defendant admits the allegations in paragraph 22.

23. Paragraph 23 contains a demand for relief not requiring a response by Defendant. This request is immaterial and impertinent as set forth in Federal Rule of Civil Procedure 12(f) and should be stricken from the pleading and/or be deemed to have no legal force and effect. To the extent a response is required, Defendant denies that Plaintiff is entitled to validation of the account pursuant to the FDCPA and thus denies the allegations of paragraph 23.

24. Defendant admits only that it made telephone calls to Plaintiff in the year prior to the filing of the instant action and is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 24, and therefore, denies the same.

25. Defendant admits the allegations in paragraph 25.

26. Defendant admits the allegations in paragraph 26.

27. Defendant admits the allegations in paragraph 27.

28. Defendant admits the allegations in paragraph 28.

29. Paragraph 29 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

30. Defendant admits the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Paragraph 33 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the allegations to the extent they are inconsistent with or contrary to the FDCPA and the cases interpreting the statute.

34. Paragraph 34 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the allegations to the extent they are inconsistent with or contrary to the FDCPA and the cases interpreting the statute.

35. Paragraph 35 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the allegations to the extent they are inconsistent with or contrary to the FDCPA and the cases interpreting the statute.

36. Paragraph 36 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the allegations to the extent they are inconsistent with or contrary to the FDCPA and the cases interpreting the statute.

37. Paragraph 37 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the allegations to the extent they are inconsistent with or contrary to the FDCPA and the cases interpreting the statute.

38. Paragraph 38 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the allegations to the extent they are inconsistent with or contrary to the FDCPA and the cases interpreting the statute.

39. Defendant denies the allegations in paragraph 39.

## JURY TRIAL DEMAND

Defendant acknowledges Plaintiff's right to a trial by jury on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Defendant agrees that this case must be tried in Kansas City, Missouri, the place where the lawsuit was filed.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Defendant acted in good faith with reasonable grounds to believe that its actions were not in violation of law, including the FDCPA, and the actions were unintentional and/or were the result of a bona fide error as defined in the FDCPA.

3. Plaintiff's claims may be barred, in whole or in part, to the effect Plaintiff failed to mitigate his damages, the existence of which damages Defendant specifically denies.

4. To the extent it is determined that Defendant violated the FDCPA, which Defendant specifically denies, any award of damages or attorneys' fees would be improper because any such violation would be *de minimis*, inconsequential and not material.

5. Defendant reserves the right to add further affirmative defenses as discovery and litigation of this case progresses.

WHEREFORE, having fully responded to the allegations in the Complaint, Defendant prays that this Court dismiss the claims brought by Plaintiff with prejudice to future actions, at Plaintiff's costs, and for such other and further relief as the Court deems just and proper, including an award of Defendant's attorneys' fees as allowed by law.

Dated this 25th day of October, 2013.

        Respectfully submitted,
        SPENCER FANE BRITT & BROWNE LLP

        By: /s/ Joshua C. Dickinson
            Joshua C. Dickinson    MO Bar No. 51446
            Bryant T. Lamer       MO Bar No. 57355
            1000 Walnut, Suite 1400
            Kansas City, MO 64106
            Telephone: (816) 474-8100
            Facsimile: (816) 474-3216
            E-mail: jdickinson@spencerfane.com
                    blamer@spencerfane.com
        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Western District of Missouri this 25th day of October, 2013, with notice of case activity generated and sent electronically to all counsel of record.

        s/ Joshua C. Dickinson